IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:21-cv-00854 |
| | § | |
| $5,608,170.58 in UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

# **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States for violations of 18 U.S.C. §§ 1343 (Wire Fraud); 1956 and 1957 (Laundering of Monetary Instruments); and 1014 (Making False Statements on Loan Applications).

Defendant In Rem

2. The Defendant Property is $5,608,170.58 in United States currency, consisting of $12,115.64 seized from Austin TELCO FCU account x1209 in the name of SANJOSE SYSTEMS on May 26, 2021; $155,738.63 seized from BancorpSouth account x4266 in the name of ANNJOSE UNIVERSITY on May 27, 2021; $11,137.47 seized from Bank of America account x3797 in the name of ANNJOSE UNIVERSITY on May

28, 2021; $109,283.74 seized from Bank of America account x0039 in the name of MK ANALYTICS on May 28, 2021; $171.24 seized from Discover account x3548 from SINJOI JOSEPH on June 9, 2021; $845,549.55 seized from Comerica account x8082 in the name of ALVIN CORPORATION on June 3, 2021; $2,2043,234.95 seized from Radius Bank account x3991 in the name of KMS TRADERS on June 11, 2021; $929,680.50 seized from Radius account x5867 in the name of SANBI SOLUTIONS on June 11, 2021; $65,158.33 seized from Radius account x6329 in the name of ANNJOSE UNIVERSITY on June 11, 2021; $1,061,031.06 seized from AZLO account x2936 in the name of VERTEX MANAGEMENT GROUP LLC on June 30, 2021, $112,588.47 seized from Bancorp South account x4258 in the name of ANNJOSE UNIVERSITY on August 26, 2021; $33,700.00 seized from Bank of America account x0039 in the name of MK ANALYTICS on August 26, 2021; $166,306.39 seized from Bank of America account x0190 on August 26, 2021; and $62,474.61 seized from Bank of America account x3377 on August 26, 2021. The Defendant Property is currently in the custody of the Internal Revenue Service.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it is any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, or any property traceable to such property; and because it is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a specified unlawful activity (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense.

7. Pursuant to 18 U.S.C. § 984, in any forfeiture action in which the subject property is funds deposited in an account in a financial institution:

   a. It shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

   b. It shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

c. Any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under 18 U.S.C. § 984, except no action pursuant to 18 U.S.C. § 984 to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

Facts

8. The facts and circumstances supporting the forfeiture of the above-described property are contained in the attached affidavit of Agent Andrew Mayo and summarized as follows.

9. Beginning in or around April 2020, and continuing until the present, in the Eastern District of Texas and elsewhere, Sinoj Joseph (hereinafter "JOSEPH") devised and executed a scheme to defraud financial institutions and the United States.

10. The investigation has revealed that JOSEPH used false documents and misrepresentations, including false and fraudulent PPP loan applications and attachments thereto, to influence and attempt to influence numerous financial institutions to approve and fund PPP loans to companies that JOSEPH owned or controlled.

11. To obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to

acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its (a) average monthly payroll expenses, and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses

12. The financial institutions that JOSEPH defrauded and sought to defraud of PPP funds were all federally insured banks. When successful, these false statements and misrepresentations influenced financial institutions to issue loans that were 100% guaranteed by the SBA and were potentially forgivable.

13. The investigation has established that JOSEPH made false and fraudulent promises and representations to one or more financial institutions to obtain PPP loans that were purportedly for legitimate business purposes, to include paying employees, but, in truth and fact, the loan proceeds were held by JOSEPH for his own personal use and benefit.

14. The Defendant Property represents proceeds involved in and obtained from the fraudulent scheme enacted by JOSEPH, and was seized from accounts JOSEPH created in the name of fictitious companies in order to obtain and transfer these proceeds in promotion of the fraud.

15. A Grand Jury returned an indictment against JOSEPH on October 13, 2021. As of the time of this filing, JOSEPH is a fugitive.

Potential Claimants

16. The known potential claimants to the Defendant Property are:

a. Sinoj Joseph - 401 South Coit Road, Apartment 332, McKinney, Texas 75072; 1740 Dell Range Blvd, Ste. H, in Cheyenne, Wyoming; 9600 Great Hills Trail, Suite 150W, Austin, Texas 78758; 101 E. Park Blvd, Suite 600, Plano, Texas 75074; and sinoj7905@gmail.com.

Claim for Relief

17. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States and order any other relief that the Court deems appropriate.

    Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

   /s/ *Kevin McClendon*
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

### CERTIFICATION OF FILING OF MOTION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(A), undersigned counsel certifies that on October 25, 2021, Plaintiff filed a Motion to Seal Affidavit Supporting the Complaint for Forfeiture In Rem. [Doc. #2]

*/s/ Kevin McClendon*
KEVIN MCCLENDON
Assistant United States Attorney

(972) 509-1201
(972) 509-1209 (fax)

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Andrew Mayo, hereby state that:

1. I am a Special Agent with the Internal Revenue Service.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Andrew Mayo
Special Agent
Internal Revenue Service

Dated: 10/22/2021